**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**DANIEL SCOTT DEWBERRY,**<br><br>Defendant | NO. 5: 06-CR-93 (DF)<br><br>VIOLATION:  18 U.S.C. §2113(a) |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Laura D. Hogue of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the government and the contents of the Pretrial Service Report dated October 6, 2006, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated October 6, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant DEWBERRY to be released from custody at this time. The offense charged against the defendant is a serious one for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 210 months to 240 months in prison. The weight of evidence appears to be strong, with both photographic evidence and the defendant's own admission being present.

Defendant Dewberry has an arrest record which includes convictions for ROBBERY BY INTIMIDATION, 1995, Superior Court of Bibb County, Georgia; ROBBERY, 06/11/96, 14th Circuit Court, Bonifay, Florida; and, ROBBERY, 09/03/96, 14th Circuit Court, Marianna, Florida. He also has a history of allegations of probation violations.

**The defendant advises that he has an extensive history of illegal drug usage which includes methamphetamine, powder cocaine, crack cocaine, phenobarbital, heroin, and LSD. In addition, he has a history of mental health treatment which includes some twelve stays at Central State Hospital in Milledgeville, Georgia over the past twenty years. He has been diagnosed as bi-polar.**

**For the foregoing reasons, pretrial detention is mandated, the undersigned noting that counsel for the defendant, with the consent of counsel for the government and the court, expressly reserves the right to reopen all issues relating to pretrial detention after further investigation. Therefore, pretrial detention is ORDERED AND DIRECTED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 10th day of OCTOBER, 2006.**



*[signature: Claude W. Hicks, Jr.]*

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**